Case 3:04-cv-02681-M   Document 26   Filed 08/09/05   Page 1 of 5   PageID 309

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
AUG - 9 2005
CLERK, U.S. DISTRICT COURT
By _____
            Deputy

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

NANCY ELHORR, §
 §
Plaintiff, §
 §
v. § Civil Action No. 3:04-CV-2681-M
 §
THE HOME DEPOT USA, INC., §
DBA THE HOME DEPOT, §
 §
Defendant. §
 §

## MEMORANDUM OPINION AND ORDER

On June 17, 2005, Defendant Home Depot USA, Inc. ("Home Depot") moved for summary judgment. Plaintiff's response was due on or about July 7, but no response has been filed.[1] The absence of a response does not mean that summary judgment in favor of Home Depot should be granted. The Defendant is not automatically entitled to summary judgment merely because there is no opposition. *Hibernia Nat'l Bank v. Administration Central Sociedad Anonima*, 776 F.3d 1277, 1279 (5th Cir. 1985). If the Defendant failed to discharge its initial burden, Plaintiff would have no obligation to respond. However, if the Defendant meets its burden under FED. R. CIV. P. 56, Plaintiff cannot survive the Defendant's motion merely by resting on allegations in its pleadings. *Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 199 (5th Cir.), *cert. denied*, 488 U.S. 926, 102 L. Ed. 2d 329, 109 S. Ct. 310 (1988). The court may accept as undisputed the facts described in support of the Defendant's motion. *Eversley v. MBank*

---

[1] Based on a Reply filed by Defendant on August 5, as this Order was being finalized, the Court understands that on August 1, 2005, Plaintiff served Defendant with a Response, which contains no evidence. The Court has not seen a Response, which has not been filed, and thus will not consider it.

*Dallas*, 843 F.2d 172, 174 (5th Cir. 1988). Summary judgment is appropriate when the non-movant Plaintiff fails to set forth specific facts, by affidavits or otherwise, showing there is a genuine issue of material fact for trial. *Topalian v. Ehrman*, 954 F.2d 1125, 1132 (5th Cir.), *cert. denied*, 506 U.S. 825, 121 L. Ed. 2d 46, 113 S. Ct. 82 (1992); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (once the summary judgment movant meets the burden imposed by Rule 56, the non-movant cannot rely on pleadings, but must designate specific facts showing there is a genuine issue for trial). The Court has reviewed the Defendant's brief and supporting evidentiary materials to determine whether summary judgment in its favor is proper.

Plaintiff claims she was injured in a Home Depot store when a "bundle of wood" fell on her from above. Plaintiff claims that the Home Depot did not maintain its premises and inventory in a safe manner, proximately causing her injuries.

The undisputed evidence before the Court is as follows. On June 19, 2002, Plaintiff was a business invitee at the Home Depot store at 18855 LBJ Freeway, in Mesquite, Texas. She was standing in an aisle when a customer reaching for wood molding dropped a bundle of that molding on Plaintiff's head. Plaintiff has no information that the individual who dropped the bundle of wood molding worked at, or was in any way associated with, Home Depot. That person was a customer of the store. Plaintiff has no knowledge of what led up to the incident in question or how it happened. She does not know how far the wood molding was leaned back in the racks supplied by Defendant. Plaintiff's son, Thomas, who was with her at the time, acknowledged that the molding in question was leaning back in its bin at the date and time in question. Plaintiff's husband, who was also with her, did not see any Home Depot employees in the aisle where he and the Plaintiff were located before the Plaintiff was injured. He testified that

a customer appeared to have lost control of a bundle of molding, causing it to fall on his wife. Plaintiff's husband acknowledged that he had no facts to show that the way the molding was stacked contributed to the incident, nor that any actions taken by Home Depot or its employees caused the incident.

To prevail on her claims, the Plaintiff must show that Home Depot had actual or constructive knowledge of a dangerous condition in its store, which posed an unreasonable risk of harm, that Home Depot did not exercise reasonable care to reduce or eliminate that risk, and that its failure to exercise such reasonable care proximately caused Plaintiff's injuries. *Keetch v. Kroger Co.*, 845 S.W. 2d 262, 264 (Tex. 1992).

In this case, there is a complete lack of evidence of proximate causation. Plaintiff signed a written statement at or near the time of the incident, identifying a customer as the person who dropped the wood molding on her head, and she has since authenticated and admitted the accuracy of that statement. Her husband acknowledges that there were no Home Depot employees in the vicinity. Neither of Plaintiff's children could provide any information indicating that a Home Depot employee had anything to do with the incident. The undisputed evidence is that a customer moved the wood molding and dropped it on the Plaintiff. Those facts do not establish any basis for liability of Home Depot. The customer's conduct is the immediate cause of Plaintiff's injury, not any action or inaction of Home Depot. There is no evidence before the Court that there was an unreasonably dangerous condition present, or that Home Depot failed to exercise reasonable care in the manner in which it stored its molding.

In light of these undisputed facts, Plaintiff cannot prove proximate cause, and summary judgment in favor of Defendant is appropriate.

**SO ORDERED** this 9th day of August, 2005.

_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE

# CASE CLOSED

**CASE NUMBER:** 3:04-CV-2681-M

**DATE:** 08/09/05

**TRIAL: YES** _____ **NO** X